[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Norwalk, Connecticut on October 9, 1982. The defendant has resided continuously in this state since then. There are three minor children, issue of the marriage: Robert, Jr., born May 6, 1984; Alan, born December 4, 1987; and Daniel, born April 23, 1990. The evidence indicates that this; marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground. CT Page 11127-D
The plaintiff is 36 years old and is currently self-employed selling insurance. The defendant is 32 years old and in addition to caring for her children is a day care provider out of her home. Neither party indicated any health problems. Each party blames the other for the failure of their marriage. The court finds each party must assume some responsibility for the breakdown of their marital relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes §§ 46b-56, 46b-81, 46b-82 and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. Each party has requested sole custody of the minor children. Since they have not agreed to a joint custodial arrangement and neither party has requested joint custody pursuant to General Statutes, § 46b-56a(c), the court cannot award joint custody under the posture of this case. See Emerick v. Emerick,5 Conn. App. 649 (1985).
From the evidence presented, the court finds it would be in the best interests of the children that sole legal and physical custody be awarded to the defendant. It is so ordered.
The court recognizes that the defendant has significant shortcomings. However, they apparently have not interfered with her parenting abilities. The children are doing relatively well and enjoy a good relationship with their mother. The defendant attends to their needs and exhibits appropriate interest in their health, education and welfare. The court believes the defendant would be amenable to encouraging the children to maintain a meaningful relationship with their father.
The plaintiff is not without his problems as far as his conduct is concerned. However, the court believes that the plaintiff loves his children and is interested in their welfare. The court expects that the plaintiff will continue to be involved with his sons and continue to play an important part in their lives.
The defendant shall consult with the plaintiff as to matters concerning the health, education and religious training of their children. The defendant shall furnish the plaintiff with copies of CT Page 11127-E health and school records of the children.
The plaintiff shall have reasonable and liberal rights of visitation. The court adopts the visitation schedule recommended by Family Services Counselor, Michael Hull and the following schedule is ordered:
A. The children shall be in the father's care every Wednesday after school until 7:00 p.m. and on weekends according to the following four week cycle:
a. Week 1 — From after school on Friday until 7:00 p.m. on Sunday.
Week 2 — From after school on Friday until 8:00 p.m. on Saturday.
Week 3 — From after school on Friday until 7:00 p.m. on Sunday.
Week 4 — Children remain with their mother.
B. During four weeks of the summer, the children shall reside principally with their father and be with their mother according to the reverse of the four-week rotation cycle listed above.
C. The children will be with their respective parent according to the following holiday schedule:
 ODD YEARS WITH FATHER EVEN YEARS WITH MOTHER
 a. New Years Day b. President's Day c. Winter vacation d. Memorial Day e. Labor Day f. Thanksgiving Day g. Christmas Eve (until 11:00 a.m. Christmas Day)
 EVEN YEARS WITH FATHER ODD YEARS WITH MOTHER
 a. Martin Luther King Day b. Spring vacation CT Page 11127-F c. Independence Day d. Columbus Day e. Veteran's Day f. Christmas Day (from 11:00 a.m. Christmas day) g. Easter Day
In the event that the father's Monday holiday falls on a weekend when he has the children, the children shall remain with the father until 7:00 p.m. on Monday.
The older two children, Bobby and Alan, shall remain in ongoing counseling. The father shall initiate contact with the therapist in order to stay involved in the counseling.
2. The plaintiff has been less than candid with the court as to his earnings and earning abilities. The attempt to explain his income on his financial affidavit defies logic and reason. Also, other evidence presented indicates a deliberate attempt by the plaintiff to suppress his income during the pendency of this dissolution action.
The average gross income of the plaintiff for the period 1989 through 1993 was $40,000 per year. The court finds that the plaintiff has an earning capacity in that amount. Assuming four exemptions and the standard deduction for income tax purposes, the plaintiff would have a net weekly income of $630.00. The defendant's net weekly income is $125.00[.] Under the child support guidelines, the obligation for the support of three minor children would be $328.50 per week. The plaintiff's share of this amount is $273.00 per week.
The plaintiff's obligation to pay $273.00 per week as child support shall commence on Monday, January 2, 1995, and continue weekly thereafter, in advance.
The plaintiff shall continue to pay to the defendant as child support the pendente lite order of $133.00 per week through December, 1994. This is to give the plaintiff the opportunity to find employment or establish his own business, at his option.
A contingent wage withholding order may enter.
The plaintiff may claim the three children as income tax exemptions. CT Page 11127-G
3. The court finds that the plaintiff owes an arrearage on his child support obligations in the amount of $1,330 through November 10, 1994. This balance shall be paid in full by December 1, 1994.
4. The plaintiff shall maintain medical and dental insurance for the benefit of the three minor children with coverage that is at least equivalent to what was in effect when the plaintiff was employed with Prudential Insurance Company. Section 46b-84c of the Connecticut General Statutes shall apply.
Any medical, dental or prescriptive expenses not covered by the plaintiff's insurance carrier shall be shared equally by the parties.
5. The court finds that the fee requested by John Gasidlo, attorney for the minor children, in the amount of $4,750 to be reasonable. The motion for counsel fees is granted.
6. The plaintiff shall be responsible for $3,750 due attorney Gasidlo. At least $1,000 of this amount shall be paid by December 15, 1994 and an arrangement shall be made between the plaintiff and Mr. Gasidlo as to when the balance will be paid. If they are unable to agree, the court will decide the issue, upon request of either of them.
7. The defendant shall be responsible for payment of $1,000 to attorney Gasidlo. She shall make her arrangement for payments directly with him and if no agreement can be reached, the court will resolve the matter.
8. The plaintiff shall pay to the defendant as periodic alimony the sum of $1.00 per year, until the death of either party, the defendant's remarriage or ten years from this judgment, whichever event first occurs.
9. The plaintiff shall promptly arrange for the 1986 Dodge Van to be turned over to the defendant together with the transfer of title to her. If the plaintiff cannot arrange this transfer, then he shall arrange for the payment of $9,000 to the defendant so she may obtain a replacement vehicle.
10. The plaintiff shall promptly pay any outstanding personal property taxes due on the Dodge Van so that the defendant may CT Page 11127-H register it or a substitute vehicle with the Department of Motor Vehicles.
11. The testimony presented indicated that the plaintiff failed to report on his financial affidavit his vested interest in a pension fund established by his former employer, the Prudential Insurance Company. The plaintiff shall assign to the defendant a 50% interest in the pension fund by way of a qualified domestic relations order. The court reserves jurisdiction to resolve any disputes over the preparation and implementation of this order.
12. The plaintiff shall be solely responsible for his own debts. He shall indemnify and hold harmless the defendant from any obligations due the Internal Revenue Service or the State of Connecticut for any income taxes due for the years of marriage of the parties.
Judgment may enter accordingly.
NOVACK, J.